# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 1:15CR00003-12 |
| v. ) | **OPINION AND ORDER** |
| GINA RENEE LOPEZ-ORFIELD, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Kevin L. Jayne*, Special Assistant United States Attorney, Abingdon, Virginia, for United States; *Brian J. Beck*, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.

The defendant's unsecured appearance bond amount was forfeited when she failed to report for service of her prison sentence. She now objects to the magistrate judge's denial of her motion seeking to remit a portion of the amount forfeited. The government argues that the magistrate judge correctly denied that motion in order to deter future similar conduct. For the following reasons, I will overrule the defendant's objection.

I.

The defendant, Gina Renee Lopez-Orfield, was charged in this court with participation in a drug trafficking conspiracy. On May 2, 2015, she executed an unsecured appearance bond in the amount of $10,000. The terms of her release

provided that the bail could be forfeited if, in the event of her conviction, she failed to surrender for service of any imprisonment imposed.

The defendant ultimately pleaded guilty and on February 9, 2016, she was sentenced to a term of imprisonment. She was allowed to remain free until March 29, 2016, at which time she was to report to the Federal Prison Camp at Alderson, West Virginia, to begin service of her sentence. The defendant failed to report as required, and a warrant was issued for her arrest on that same day. She was ultimately arrested on April 4, 2016, when officers found her hiding in the shower of a residence located at Mountain City, Tennessee. At that time she had changed her physical appearance, presumably in an effort to avoid capture.

The magistrate judge held a bond revocation hearing on April 5, 2016, at which time the defendant's bond was revoked and the bail forfeited.

On April 6, 2016, the defendant's attorney filed a Motion to Partially Remit Bond Forfeiture. That motion requested that only $8,000 of the bail amount be forfeited, because it had been estimated that the Marshals Service spent no more than $8,000 to apprehend the defendant after she had failed to surrender for her sentence.

On April 11, 2016, the magistrate judge issued an Order denying the defendant's motion. That same day, the defendant's attorney filed a Motion for Reconsideration, which the magistrate judge denied on May 12, 2016. The

defendant thereafter filed the present objection to the magistrate judge's Order of May 12. That objection has been fully briefed by the parties and is ripe for decision.

II.

The Federal Rules of Criminal Procedure provide that I must review objections to nondispositive orders of the magistrate judge using a "clearly erroneous" standard, while objections to dispositive orders should be reviewed de novo. Fed. R. Crim. P. 59(a), (b)(3). The Fourth Circuit has not determined which standard should be applied when reviewing a magistrate's refusal to remit a bail forfeiture. At least one circuit has held that such orders are dispositive, *United States v. Plechner,* 577 F.2d 596, 598 (9th Cir. 1978); *United States v. Ritte*, 558 F.2d 926, 927 (9th Cir. 1977), and that precedent has been followed by at least one judge of this district. *United States v. Mustafa*, No. 7:12-CR-32-002, 2013 WL 5873284, at *6 n.1 (W.D. Va. Oct. 30, 2013) (Ballou, J.). It is not necessary for me to make a determination of the correct standard, since even under the de novo standard, the objection should be overruled.

The Federal Rules of Criminal Procedure provide that "[t]he court must declare the bail forfeited if a condition of the bond is breached." Fed. R. Crim. P. 46(f)(1). However, "[t]he court may set aside in whole or in part a bail forfeiture upon any condition the court may impose if . . . it appears that justice does not

require bail forfeiture." Fed. R. Crim. P. 46(f)(2)(B). It is within my sound discretion to determine whether remission is appropriate. *United States v. Am. Bankers Ins. Co. of Fla.,* No. 89-6818, 1991 WL 157280, at *3 (4th Cir. 1991) (unpublished).

The defendant plainly violated the conditions of her bond by failing to self-report for service of her sentence. Thus, the question I must answer is whether justice requires the entire bail amount to be forfeited.

The defendant argues that because she is indigent, and her financial status will only be worsened by her lengthy incarceration, that it would be unjust to require forfeiture of the entire $10,000 bail when the government's costs associated with her violation amounted to only $8,000. She further contends that because she was separately prosecuted for her failure to report, that sanctioning her by a full forfeiture would amount to double jeopardy. The government argues that it is proper to revoke the entire bail amount to compensate for both the cost and inconvenience to the government and to deter similar conduct.

The Fourth Circuit has said that

> [t]wo competing principles control remission. First, a forfeiture should bear some reasonable relation to the cost and inconvenience to the government and the courts. Second, if a violation of a condition of release is more than technical, the court may require a substantial forfeiture to deter not only the defendant but others from future violations.

*Accredited Sur. & Cas. Co. v. United States*, 723 F.2d 368, 369-70 (4th Cir. 1983) (citations omitted). After analyzing these factors, I agree that forfeiture of the entire bail amount was appropriate.

I accept the parties' stipulation that the government's actual costs were approximately $8,000. With that stipulation in mind, I believe that the $10,000 forfeiture bears a reasonable relationship to those costs. This is not a case where the forfeited amount is much greater than the expense caused by the defendant's bond violation. *See State v. Hedrick,* 514 S.E.2d 397, 407 (W.Va. 1999) (upholding a $100,000 forfeiture when the state expended approximately $3,551 in costs).

As the defendant's attorney has pointed out, the defendant is presently indigent, and $2,000 is not an insignificant amount to her. However, upon her release, the defendant will be more employable than many ex-inmates; she has worked for many years as an electrician, and has held a number of licenses that are relevant to that field.

If I was only required to analyze the first factor from *Accredited Surety and Casualty Company*, then the defendant's argument might be persuasive. But I must also think about the second factor from that case, which encourages me to consider deterrence when faced with non-technical violations.

There is no question that the defendant's violation was willful and deliberate. She was not captured by authorities until almost one week after she failed to report. At that time she was actively hiding and had changed her physical appearance. Such a violation is serious. Defendants are often allowed to self-report to prison when it is appropriate to do so. Some defendants would be seriously burdened if they were not allowed to self-report because they need to take care of family, medical, or other issues before beginning their sentences. Moreover, the Bureau of Prisons considers the court's permission to voluntarily surrender when scoring the offender's security level, which in turn may determine assignment to a particular prison facility. Allowing a defendant to self-report is a privilege, and abuse of that privilege must be discouraged. In this case, forfeiture of the entire bail amount provides an appropriate deterrence to similar conduct, not only for the defendant, but for future defendants.

I also do not find that forfeiture of the entire amount implicates the double jeopardy clause. *See United States v. Hawley*, 93 F.3d 682, 687 (10th Cir. 1996) (holding that $50,000 judgment for violating an appearance bond did not implicate double jeopardy so as to bar a criminal prosecution for the same violation); *United States v. Barger*, 458 F.2d 396, 396-7 (9th Cir. 1972) (holding that the double jeopardy clause did not preclude a conviction and sentence for the crime of "bail jumping" after bail was duly forfeited). The Supreme Court has held that "the

Double Jeopardy Clause does not prohibit the imposition of all additional sanctions that could, in common parlance, be described as punishment." *Hudson v. United States*, 522 U.S. 93, 98-99 (1997) (internal quotation marks and citations omitted). "The Clause protects only against the imposition of multiple *criminal* punishments for the same offense. . . ." *Id*. at 99.

A bail forfeiture is a civil, not a criminal, action. *See United States v. Roher*, 706 F.2d 725, 726-7 (5th Cir. 1983). The Fourth Circuit has said that forfeitures are not properly ordered for the purpose of punishing a defendant. *United States v. Kirkman*, 426 F.2d 747, 752 (4th Cir. 1970). Nonetheless, the Fourth Circuit has endorsed using forfeitures for their deterrent effect. *See Accredited Sur. & Cas. Co.* 723 F.2d at 369-70; *Am. Bankers Ins. Co. of Fla.*, 1991 WL 157280, at *3 ("The court also properly considered the obvious fact that [the defendant's] fleeing was not merely a technical breach of the terms of the bond, the need to deter future violations, and the desirability to emphasize the serious nature of such bonds.") This is not inconsistent — deterrence focuses on discouraging future conduct, while punishment focuses on penalizing the defendant for her past act.

That Congress did not intend for the double jeopardy clause to prevent both bond forfeiture and criminal prosecution is further supported by the Bail Reform Act, which provides that

> [i]f a person fails to appear before a court as required, and the person executed an appearance bond pursuant to

-7-

> section 3142(b) of this title . . . the judicial officer may, regardless of whether the person has been charged with an offense under this section, declare any property designated pursuant to that section to be forfeited to the United States.

18 U.S.C. § 3146(d).

In short, while the forfeiture of the defendant's bail will undoubtedly cause her to suffer financial distress, that loss does not implicate the double jeopardy clause.

III.

For the foregoing reasons, it is **ORDERED** that the defendant's Objection to Magistrate Judge's Order and/or Report and Recommendation (ECF No. 839) is DENIED.

ENTER: June 6, 2016

/s/ James P. Jones
United States District Judge