**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:15CR00003-12 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **GINA RENEE LOPEZ-ORFIELD,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Gina Renee Lopez-Orfield, Pro Se Defendant.*

The defendant, Gina Renee Lopez-Orfield, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging her 78-month sentence. The United States has filed Motions to Dismiss and the issues have been fully briefed. After reviewing the record and considering the arguments of the parties, I will grant the United States' Motions to Dismiss and deny Lopez-Orfield's § 2255 motion.

I.

On January 12, 2015, Lopez-Orfield and multiple other codefendants were indicted for drug-related crimes. Lopez-Orfield was charged with conspiracy to manufacture, distribute, and possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§

846, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C). Lopez-Orfield pleaded guilty pursuant to a written Plea Agreement.

A change of plea hearing was held on November 5, 2015. Lopez-Orfield affirmed that she had received a copy of the Indictment and the Plea Agreement and had had adequate opportunity to review both documents with counsel. Plea Hr'g Tr. 5, ECF No. 874. I asked her whether she was "fully satisfied with [her] attorney's representation" and she answered, "Absolutely." *Id*. Lopez-Orfield affirmed her understanding that she was giving up her right to appeal and collaterally attack her sentence, except for matters that cannot be waived under the law and claims of ineffective assistance of counsel. *Id*. at 9. Lopez-Orfield affirmed that she wanted to plead guilty to the charge in the Indictment because she was, in fact, guilty. *Id*. at 13. The government stated that if the case were to proceed to trial, it was prepared to prove that Lopez-Orfield received methamphetamine for distribution from sources, returned payment to those sources, and communicated with members of the conspiracy via phone calls and text messages. *Id*. at 13-14. When given an opportunity to do so, she did not dispute or contest any of the facts against her. *Id*. at 14. I found Lopez-Orfield fully competent and capable of entering an informed plea. *Id*. at 14-15.

A Presentence Investigation Report ("PSR") was prepared prior to sentencing. It recommended an advisory guideline range of 78 to 97 months. PSR

¶ 556, ECF No. 778. Lopez-Orfield did not file any objections to the PSR. I sentenced Lopez-Orfield to a within-guideline sentence of 78 months' incarceration. J. 2, ECF No. 775. Lopez-Orfield did not appeal.

Lopez-Orfield filed a § 2255 motion arguing that I erred by failing to reduce her sentence based on her minor role in the conspiracy. § 2255 Mot. 4, ECF No. 858. She later filed a pleading adding a claim that she had received ineffective assistance of counsel because her attorney had suffered from a conflict of interest and had failed to challenge the evidence produced in discovery and the Indictment. Am. Claims Pursuant to 28 U.S.C. § 2255, ECF No. 887. The United States filed Motions to Dismiss both her initial motion and the new claims.

## II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his or her sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Lopez-Orfield bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

*A. Minor Role Reduction.*

Lopez-Orfield argues that I erred by sentencing her without granting her a minor role reduction pursuant to Amendment 794 to United States Sentencing Guideline § 3B1.2. This claim is without merit.

First, this issue is waived. Lopez-Orfield's plea agreement expressly waived her right to collaterally attack her sentence other than to raise issues that cannot be waived, by law, or for ineffective assistance of counsel. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) (concluding that collateral attack waivers are generally enforceable following a knowing and voluntary guilty plea, as was the case here). Second, at the time of sentencing, Lopez-Orfield never requested a reduction for a minor role, nor objected to the PSR. Accordingly, she has procedurally defaulted on this claim. *See United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999) (noting that in order to collaterally attack a conviction or sentence, the defendant generally must have raised those claims before the trial court and on direct appeal).

In addition, Lopez-Orfield has not pointed to any evidence that would warrant a minor role reduction. At her guilty plea hearing, she admitted that she was involved in selling methamphetamine, returned payment to her sources, and communicated with members of the conspiracy via cell phone and text messages.

Plea H'rg Tr. 14, ECF No. 874. This evidence is sufficient to support her guideline sentence.

### B. *Ineffective Assistance of Counsel.*

Lopez-Orfield also argues that she received ineffective assistance of counsel. She claims, first, that counsel suffered from a conflict of interest because she and her attorney "simply [could] not function due to [her] disapproval of [her] attorney's handling of the case." Am. Claims Pursuant to 28 U.S.C. § 2255 at 2, ECF No. 887.

To prevail, Lopez-Orfield must show that counsel had "an actual conflict of interest" which "adversely affected" counsel's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). She has failed this requirement. She has not alleged any facts to support her claim that counsel suffered from a conflict of interest. At most, she suggests that she did not agree with counsel's strategy. "Mere disagreement about strategic litigation decisions is not a conflict of interest." *United States v. Fields*, 483 F.3d 313, 353 (5th Cir. 2007).

Lopez-Orfield also argues that counsel erred by failing to investigate and to challenge the evidence produced in discovery. However, other than to claim that telephone records would have shown that the text messages attributed to her were incorrect and inaccurate, she does not explain, specifically, what evidence a further investigation would have unearthed. "[V]ague and conclusory allegations

contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (internal quotation marks and citations omitted).  Moreover, at her guilty plea hearing, she admitted that she had communicated with other members of the conspiracy by phone and text messages.  Accordingly, Lopez-Orfield has failed to establish that counsel provided ineffective assistance either due to a conflict of interest or a failure to investigate.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

## III.

For these reasons, I will grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255.  A separate order will be entered this day.

DATED:  November 20, 2017

/s/  James P. Jones
United States District Judge